UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| JEANINE WALKER )<br>)<br>Plaintiffs, )<br>)<br>v )<br>)<br>LYNN M. OLIVIER, P.C. )<br>d/b/a "OLIVIER AND OLIVIER, P.C. )<br>LYNN M. OLIVIER, PAUL T. OLIVIER, JR . )<br>MONIS SCHUSTER, REBECCA KREISHER, )<br>DAVID J. VINK and MOLLIE T. McCARRON, )<br>)<br>Defendants. ) | Case No. 4:06-cv-10773<br><br>Hon. Paul V. Gadola |

| | |
|---|---|
| Adam G. Taub, Esq<br>Lyngklip & Taub Consumer Law Group PLC<br>24500 Northwestern Hwy Ste 206<br>Southfield, MI  48075<br>(248) 746-3790<br>adamlaw@pop.net | Michael P. Ashcraft, Jr. (P46154)<br>Jeffrey S. Hengeveld (P66029)<br>Plunkett & Cooney, P.C.<br>Attorneys for Defendants<br>38505 Woodward Ave., Ste. 2000<br>Bloomfield Hills, MI  48304<br>(248) 594-8202<br>jhengeveld@plunkettcooney.com |

## DEFENDANTS' MOTION TO DISMISS STATE LAW CAUSES OF ACTION

## TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES .................................................... ii

STATEMENT OF QUESTION PRESENTED ............................ 1

BRIEF IN SUPPORT OF DEFENDANTS' MOTION

TO DISMISS STATE LAW CLAIMS ......................................... 4

# INDEX OF AUTHORITIES

**Page**

**Cases**
*Borough of West Mufflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) .............................. 6
*Brazinski v. Amoco Petrol. Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993) ....... 6
*Broad, Vogt & Conant, Inc. v. Alsthom Automation, Inc.*, 186 F. Supp. 2d 787,790-9 1 (E.D. Mich. 2002) ........................................................................................................ 6
*Caraballo v. S. Stevedoring, Inc.*, 932 F. Supp. 1462, 1465 (S.D. Fla. 1996) ........................ 6
*Carnige-Mellon University v. Cohill v.*, 484 U.S. 343, 350 (1988) ................................. 6, 7
*Cirasuola v. Westrin*, No. 96-1360, 1997 WL 472176, at *1(6th Cir. Apr. 18, 1997), *aff'g*, 915 F. Supp. 909 (E.D. Mich. 1996) .................................................................... 5
*City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172-73 (1997) .......... 5,6
*Diven v. Amalgamated Transit Union Int'l & Local 689*, 38 F.3d 598, 601 (D.C. Cir. 1994) ................................................................................................................. 6
*Eddins v. Excelsior Indep. Sch. Dist.*, 88 F. Supp. 2d 690, 695 (E.D. Tex. 2000) ................. 6
*Gaines v. Blue Cross Blue Shield of Michigan*, 261 F. Supp. 2d 900, (E.D. Mich 2003)(Gadola, J.) ............................................................................................ 4, 7
*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 447-48 (2d Cir. 1998) ......................................................................................................... 6
*James v. Sun Glass Hut, Inc.*, 799 F. Supp. 1083, 1084-85 (D. Cob. 1992) ......................... 7
*Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ............................. 5
*Rugambwa v. Betten Motor Sales, Inc.*, 200 F.R.D. 358, 368 (W.D. Mich. 2001) ................ 6
*San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478-79 (9th Cir. 1998) .............. 5
*United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) .......... 4, 5, 6, 7

**Federal Statutes**
15 U.S.C. §§ 1692 *et seq* ................................................................................................... 4
28 U.S.C. § 1331 ................................................................................................................ 4
28 U.S.C. §1367 ............................................................................................................ 4, 7
28 U.S.C.  §1367(a) ........................................................................................................... 5
28 U.S.C. §1367(c)(2) ....................................................................................................... 7

**State Statutes**
M.C.L. §§ 445.251 *et seq* .................................................................................................. 4

**Other Authorities**
C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3567.1 (2d ed. 1984).. 6

## STATEMENT OF QUESTION PRESENTED

Should Plaintiff's state law claims under the Michigan Collection Practices Act, MCL § 445.251, *et seq.*, and common law conversion claim be dismissed by this Court where litigating these state law claims would substantially expand the scope of this case beyond that necessary and relevant to the federal question under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692. *et seq.*?

    Defendants' Answer:    Yes

    Plaintiff's Answer:    No.

Defendants, Lynn M. Olivier, P.C., Olivier and Olivier, P.C., Lynn M. Olivier, Paul T. Olivier, Jr., Monis Schuster, Rebecca Kreisher, David J. Vink, and Mollie T. McCarron, through their attorneys, Plunkett & Cooney, P.C., and for their Motion to Dismiss State Law Causes of Action, state as follows:

1.  Plaintiff filed her Complaint on February 23, 2006, alleging claims for alleged violations of the federal Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692, *et seq.* (Counts I, IV, VI, VIII, X, XII, and XIV) and alleged violations of the Michigan Collection Practices Act, M.C.L. §§ 445.251, *et seq.* (Counts II, V, VII, IX, XI, XIII, and XV).

2.  Plaintiff also has a claim for common law conversion (Count III).

3.  This Court must use its discretion to dismiss the state law claims for alleged violations of the Michigan Collection Practices Act and common law conversion because these claims would substantially expand the scope of this case beyond that necessary and relevant to the federal question. *Gains v. Blue Cross Blue Sheild of Mich.*, 261 F. Supp. 2d 900, 906 (E.D. Mich 2003)(Gadola, J.).

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiff's state law claims set forth in Counts I, III, IV, VI, VIII, X, XII, and XIV.

PLUNKETT & COONEY, P.C.


s/Jeffrey S. Hengeveld

MICHAEL P. ASHCRAFT, JR. (P46154)
Jeffrey S. Hengeveld (P66029)
Attorneys for Defendants
38505 Woodward Ave., Suite 3000
Bloomfield Hills, MI  48304
248-594-8202
jhengeveld@plunkettcooney.com

DATED:  April 17, 2006

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| JEANINE WALKER ) | |
| ) | |
| Plaintiffs, ) | Case No. 4:06-cv-10773 |
| ) | |
| v ) | Hon. Paul V. Gadola |
| ) | |
| LYNN M. OLIVIER, P.C. ) | |
| d/b/a "OLIVIER AND OLIVIER, P.C. ) | |
| LYNN M. OLIVIER, PAUL T. OLIVIER, JR . ) | |
| MONIS SCHUSTER, REBECCA KREISHER, ) | |
| DAVID J. VINK and MOLLIE T. McCARRON, ) | |
| ) | |
| Defendants. ) | |

Adam G. Taub, Esq
Lyngklip & Taub Consumer Law Group PLC
24500 Northwestern Hwy Ste 206
Southfield, MI 48075
(248) 746-3790
adamlaw@pop.net

Michael P. Ashcraft, Jr. (P46154)
Jeffrey S. Hengeveld (P66029)
Plunkett & Cooney, P.C.
Attorneys for Defendants
38505 Woodward Ave., Ste. 2000
Bloomfield Hills, MI 48304
(248) 594-8202
jhengeveld@plunkettcooney.com

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS STATE LAW CAUSES OF ACTION

Plaintiff filed her Complaint in this Court on February 23, 2006. The Complaint contains a total of fifteen counts. Counts I, IV, VI, VIII, X, XII, and XIV allege violations the federal Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. §§ 1692 *et seq.*, while Counts II, V, VII, IX, XI, XIII, and XV allege violations of the Michigan Collection Practices Act, M.C.L. §§ 445.251 *et seq.* Count III alleges common law conversion. Accordingly, Counts I, IV, VI, VIII, X, XII, and XIV ("Federal Counts") describe claims under federal law, whereas Counts II, III, V, VII, IX, XI, XIII, and XV ("State Counts") describe claims

4

under state law.

The Court exercises jurisdiction over the Federal Counts based on federal question jurisdiction, in accordance with 28 U.S.C. § 1331. Although the Court may, under 28 U.S.C. §1367, exercise supplemental jurisdiction over the state law claims ancillary to the relief sought, such supplemental jurisdiction is not warranted in this case for the following reasons.

Under the standard enunciated in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) and codified in 28 U.S.C. § 1367(c), this Court has broad discretion to exercise its supplemental jurisdiction. *Gaines v. Blue Cross Blue Shield of Michigan*, 261 F. Supp. 2d 900, (E.D. Mich 2003)(Gadola, J.). Even where "the [Court] arguably ha[s] supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), the [C]ourt has discretion to decline to exercise its supplemental jurisdiction." *Cirasuola v. Westrin,* No. 96-1360, 1997 WL 472176, at *1(6th Cir. Apr. 18, 1997), *aff'g,* 915 F. Supp. 909 (E.D. Mich. 1996) (Gadola, J.).

As the Supreme Court of the United States held in *City of Chicago v. International College of Surgeons:*

> [T]o say that the terms of § 1367(a) authorize the district courts to exercise supplemental jurisdiction over state law claims . . . does not mean that the jurisdiction must be exercised in all cases. Our decisions have established that pendent jurisdiction "is a doctrine of discretion, not of plaintiffs right," *Gibbs,* 383 U.S. at 726, and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons, *[id* at 726-27]. See also *Carnegie Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988) ("As articulated by Gibbs, the doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values"). Accordingly, we have indicated that "district courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie

5

the pendent jurisdiction doctrine." *Id.* at 357.

The supplemental jurisdiction statute codifies these principles. After establishing that supplemental jurisdiction encompasses "other claims" in the same case or controversy as a claim within the district courts' original jurisdiction, § 1367(a), the statute confirms the discretionary nature of supplemental jurisdiction.

Depending on a host of factors, then--including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims--district courts may decline to exercise jurisdiction over supplemental state law claims. The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Carnige-Mellon University v. Cohill,* 484 U.S. 434, 350 (1988).

522 U.S. 156, 172-73 (1997). See also San Pedro Hotel Co. v. City of Los Angeles, 159 F.3d 470, 478-79 (9th Cir. 1998); *Rodriguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1177 (1st Cir. 1995); *Borough of West Mufflin v. Lancaster,* 45 F.3d 780, 788 (3d Cir. 1995); *Diven v. Amalgamated Transit Union Int'l & Local 689,* 38 F.3d 598, 601 (D.C. Cir. 1994); *Brazinski v. Amoco Petrol. Additives Co.,* 6 F.3d 1176, 1182 (7th Cir. 1993). *But cf Itar-Tass Russian News Agency v. Russian Kurier, Inc.,* 140 F.3d 442, 447-48 (2d Cir. 1998).

In exercising its discretion, therefore, this Court must look to considerations of judicial economy, convenience, fairness, and comity, and also avoid needless decisions of state law. *See Int'l Coll. of Surgeons,* 522 U.S. at 173; *Cohill,* 484 U.S. at 350; *Gibbs,* 383 U.S. at 726; *see also* C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3567.1 (2d ed. 1984).

Litigation in the federal courts involving both federal law claims and supplemental state law claims has caused procedural and substantive problems. Even if the federal and state claims in this action arise out of the same factual situation, litigating these claims together may not serve judicial economy or trial convenience. Federal and state law each have a different focus,

6

and the two bodies of law have evolved at different times and in different legislative and judicial systems. Because of this, in almost every case with supplemental state claims, the courts and counsel are unduly preoccupied with substantive and procedural problems in reconciling the two bodies of law and providing a fair and meaningful proceeding.

The attempt to reconcile these two distinct bodies of law often dominates and prolongs pretrial practice, complicates the trial, lengthens the jury instructions, confuses the jury, results in inconsistent verdicts, and causes post-trial problems with respect to judgment interest and attorney fees. Consequently, in many cases the apparent judicial economy and convenience of the parties' interest in the entertainment of supplemental state claims may be offset by the problems they create.

Such is the case here. Plaintiff's state law claims would substantially expand the scope of this case beyond that necessary and relevant to the federal question or Constitutional claims. *See* 28 U.S.C. §1367(c)(2); *Gaines, supra,* at 906; *Broad, Vogt & Conant, Inc. v. Alsthom Automation, Inc.,* 186 F. Supp. 2d 787, 790-9 1 (E.D. Mich. 2002) (Gadola, J.); *see also Rugambwa v. Betten Motor Sales, Inc.,* 200 F.R.D. 358, 368 (W.D. Mich. 2001); *Eddins v. Excelsior Indep. Sch. Dist.,* 88 F. Supp. 2d 690, 695 (E.D. Tex. 2000); *Caraballo v. S. Stevedoring, Inc.,* 932 F. Supp. 1462, 1465 (S.D. Fla. 1996); *James v. Sun Glass Hut, Inc.,* 799 F. Supp. 1083, 1084-85 (D. Cob. 1992). The Michigan Collection Practices Act and the federal Fair Debt Collection Practices Act have voluminous separate and distinct case law interpreting various provisions of

7

the respective statutes.

Further, Count III alleges common law conversion, which is a state claim, and will also expand the scope of this case beyond the federal question and/or Constitutional claims under the FDCPA. Litigation and discovery issues regarding the conversion claim will further detract from the federal question issues under the FDCPA.

Moreover, in the interest of judicial economy, convenience, fairness, and comity, this Court must decline to exercise its supplemental jurisdiction in this case. *See Int'l Coll. of Surgeons,* 522 U.S. at 173; *Cahill,* 484 U.S. at 350; *Gibbs,* 383 U.S. at 726.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiff's state law claims set forth in Counts I, III, IV, VI, VIII, X, XII, and XIV.

                PLUNKETT & COONEY, P.C.

                s/Jeffrey S. Hengeveld

                MICHAEL P. ASHCRAFT, JR. (P46154)
                Jeffrey S. Hengeveld (P66029)
                Attorneys for Defendants
                38505 Woodward Ave., Suite 3000
                Bloomfield Hills, MI 48304
                Direct Dial: 248-594-8202
                jhengeveld@plunkettcooney.com

DATED: April 17, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing with the following: Adam G. Taub.

    s/ Jeffrey S. Hengeveld

---

MICHAEL P. ASHCRAFT, JR. (P46154)
JEFFREY S. HENGEVELD (P66029)
Attorneys for Defendants
38505 Woodward, Suite 2000
Bloomfield Hills, MI  48304
(248) 594-8202
jhengeveld@plunkettcooney.com
P66029

Blmfield.P0739.P0739.738670-1

9